UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT BEN CANDALRIA,

Plaintiff,

v.

ROBERT JONSEN, et al.,

Defendants.

Case No.  25-cv-07869-JSC

**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

## INTRODUCTION

Plaintiff Robert Ben Candalria, an inmate at the Santa Clara County Jail proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against Santa Clara County and three jail employees.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, Plaintiff is ordered to file an amended complaint.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by unrepresented litigants must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] The complaint also names nine additional inmates as plaintiffs, but only Candalria signed the complaint.  (ECF No. 1 at 2, 6.)  These additional plaintiffs are addressed below.  Unless otherwise specified, in this order the term "Plaintiff" refers to Plaintiff Calandria.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

3    statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

4    which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to

5    state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

6    provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

7    formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must

8    be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

9    550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a

10   claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its

11   face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the

12   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

14   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

15   violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

16   42, 48 (1988).

17                                   **LEGAL CLAIMS**

18   I.    <u>Improper Joinder</u>

19   The complaint contains a number of improperly joined claims. The federal rules on

20   joinder are straightforward. "A party asserting a claim, counterclaim, cross-claim, or third-party

21   claim may join, as independent or alternative claims, as many claims as it has against an opposing

22   party." Fed. R. Civ. P. 18(a). When, as here, there are multiple defendants, they may be joined in

23   one action only "if any right to relief is asserted against them jointly, severally, or in the

24   alternative with respect to or arising out of the same transaction, occurrence, or series of

25   transactions or occurrences; and any question of law or fact common to all defendants will arise in

26   the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a

27   single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim

28   B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims

against different defendants belong in different suits." *Id*. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*.

The complaint claims: (1) Defendant Sergeant Mosquera made false statements in his responses to grievances (ECF No. 1 at 3); (2) Defendant Adreanna Dominguez implemented a policy denying in-person access to a law library (*id*. at 3, 5); (3) due to County policies at the jail: (a) Plaintiff has inadequate time outside of his cell; (b) the inmate grievance system does not lead to investigations or hold jail staff accountable; (c) outgoing legal mail is opened and delayed by over a week; (d) inmates are denied access to the courts; and (e) inmates are placed in restrictive housing for disciplinary reasons without any process. These claims arise out of multiple different and unrelated incidents. Plaintiff names the County and three individual jail officials as defendants, and they are each allegedly responsible for different violations of Plaintiff's constitutional rights. As alleged, Plaintiff's claims do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Plaintiff may not assert a grab-bag of unrelated claims against different defendants, and this is precisely what he has done. Accordingly, the Court finds the claims and Defendants improperly joined.

Under Federal Rule of Civil Procedure 21:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. This Court cannot simply strike certain claims or parties because it cannot discern which of the many claims Plaintiff may wish to keep or omit. Nor will this Court sever claims because it is not clear whether Plaintiff wishes to incur the additional filing fees that he would owe if this case were severed into multiple cases. Thus, Plaintiff is ordered to file an amended complaint in which he only alleges claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Or he may bring multiple unrelated claims against the

United States District Court
Northern District of California

1  same defendant.  Claims arising from unrelated incidents against different defendants must be

2  alleged in separate complaints filed in separate cases.  If Plaintiff does not file an amended

3  complaint in compliance with this order, this case will be dismissed for failure to prosecute, and

4  the dismissal will be without prejudice to Plaintiff filing his misjoined claims in separate cases in

5  the future.  *See* Fed. R. Civ. P. 41(b).

6  II.    <u>Multiple Plaintiffs</u>

7          The complaint includes nine inmates in addition to Calandria as plaintiffs, none of whom

8  are represented by a lawyer.  These plaintiffs have not signed the complaint as required by Federal

9  Rule of Civil Procedure 11(a) ("Every pleading, written motion, and other paper must be signed

10  by at least one attorney of record in the attorney's name—or by a party personally if the party is

11  unrepresented.").  Nor may Candalria represent them because he is not a lawyer.  *Johns v. Cnty. of*

12  *San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear [] on his own

13  behalf, he has no authority to appear as an attorney for others.") (internal quotation marks and

14  citation omitted).  Accordingly, if these plaintiffs wish to be part of this case, they must sign the

15  amended complaint, ordered below.  Under Rule 21, discussed above, they may only join in the

16  case if their claims arise out of the same transaction or occurrence as Calandria's claims.

17  Alternatively, they may each file a separate complaint in their own case.

18                                   **CONCLUSION**

19          1.      Plaintiff shall file an amended complaint on or before **January 6, 2026**.  The

20  amended complaint **must** include the caption and civil case number used in this order (No. C 25-

21  7869 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the

22  first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik*

23  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the

24  original by reference; he must include in his amended complaint all the claims he wishes to

25  pursue.  <u>Failure to amend within the designated time and in accordance with this order may result</u>

26  <u>in the dismissal of this action under Federal Rule of Civil Procedure 41(b).</u>

27          2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

28  informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address."  He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 19, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

5